**Jason Vogelpohl, Esq. #252407**
**Central Coast Bankruptcy, Inc.**
532 Pajaro Street
Salinas, CA 93901
831.783.0260 – Telephone
831.585.1024 – Facsimile

Attorney for Debtor(s)

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re:

JOHNSON, Grant Steven

Debtor(s)

_____/

Case No: 22-50921 HLB
Chapter 13

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ADDITIONAL PROVISIONS IN CHAPTER 13 PLAN**

## I. INTRODUCTION

Debtor's Plan provides for an estimated duration of 60 months and $0.00 to be distributed to unsecured creditors. See, Plan filed as Doc#7. The nonstandard provisions are being included to remedy deficiencies in the Form Plan and bring the Plan in conformity with approved case law in the Ninth Circuit.

Because the nonstandard provisions added by Debtor are consistent with the Bankruptcy Code and case law, Debtor respectfully requests an Order approving the proposed nonstandard provisions.

//
//

## II. ARGUMENT

### A. Debtor Is Entitled to Include a Nonstandard Plan Provision Providing for an Estimated Duration of Payments.

"The Code expressly allows debtors to 'include any other appropriate provision not inconsistent with [Chapter 13]' in their plans, § 1322(b)(11). So, barring a clear prohibition in the Code, debtors have 'considerable discretion to tailor the terms of a plan to their individual circumstances.'" *In re Sisk* (9th Cir. 2020) 962 F.3d 1133, 1145 (citing *In re Monroy* (9th Cir. BAP 2011) 650 F.3d 1300, 1301).

"The Code provides for a maximum duration for all plans and a minimum duration for objected-to plans. The clear implication of this framework is that, for plans with no objection, the Code provides no minimum or fixed durations. Coupled with the additional grant allowing debtors to "include any other appropriate provision not inconsistent with [Chapter 13]" in their plans, § 1322(b)(11), we believe the Code permits a debtor to add an estimated term provision, so long as the plan does not draw an objection. *In re Sisk* (9th Cir. 2020) 962 F.3d 1133, 1146.

Because there is no section 1325(b) objection, the nonstandard provision providing for an estimated duration of payments should be approved.

### B. Debtor Is Entitled to Include a Nonstandard Plan Provision Providing for a Fixed Dividend to Unsecured Creditors.

Again, "[t]he Code expressly allows debtors to 'include any other appropriate provision not inconsistent with [Chapter 13]' in their plans, § 1322(b)(11). So, barring a clear prohibition in the Code, debtors have 'considerable discretion to tailor the terms of a plan to their individual circumstances.'" *In re Sisk* (9th Cir. 2020) 962 F.3d 1133, 1145 (citing *In re Monroy* (9th Cir. BAP 2011) 650 F.3d 1300, 1301).

Here, Debtor seeks approval for a nonstandard provision providing for a fixed dividend to unsecured creditors. Because there is no prohibition in the Bankruptcy Code and because there

//

//

has been no objection to confirmation pursuant to 11 U.S.C. section 1325(b), the proposed nonstandard provision should be granted.

Section 1325 (a)(4) requires all debtors to pay a minimum dividend on unsecured claims and sets forth a calculable formula for determining that dollar amount.

There are two Code provisions that specify a minimum dividend on unsecured claims: 1) section 1325(a)(4) which applies to all Chapter 13 plans, and requires that the dividend on unsecured claims be "not less than the amount that would be paid on that claim if the estate of the debtor were liquidated under chapter 7 of this title;" and 2) section 1325(b) which applies if, and only if, an unsecured creditor or the trustee objects to the plan pursuant to section 1325(b) and only then requires a plan to pay unsecured claims the total dollar amount of the debtor's projected disposable income.

At the outset of Chapter 13 cases, debtor's bankruptcy petitions and schedules (filed under penalty of perjury) set forth the data necessary to make both of those calculations. If no section 1325(b) objection is filed, only the section 1325(a)(4) test is applicable, and that calculation determines the required minimum dividend on unsecured claims.

As long as the debtor proposes an unsecured claim dividend that meets or exceeds the dollar amount determined by the above-described calculations, there is no basis for a creditor, the trustee, or a court to object to or refuse to confirm that plan simply because the dividend is a fixed dollar amount. A creditor or the trustee may object to the plan if the dollar amount is too low and does not meet the tests set forth in section 1325(a)(4) or section 1325(b). But the fixed nature of a dollar dividend cannot be the basis for any objection to the plan. *In re Sisk*, 962 F.3d 1133, 1145.

The Court of Appeals in *In re Anderson* (9th Cir. 1994) 21 F.3d 355, 358, rejected the trustee's and bankruptcy court's requirement that the debtor authorize the trustee to later (after plan confirmation) unilaterally increase the plan payments — and the dividend paid on unsecured claims — without requiring the trustee to file a motion to modify the plan under

//

//

section 1329. If this Court were to prohibit Debtors from fixing their dividends to a specific Code-permitted dollar amount, then the Court would be requiring that very outcome that was rejected by both *In re Anderson* and *In re Sisk* - and thereby directly violate *Sisk's* mandate.

The fundamental principle of *Sisk* is that Chapter 13 debtors have considerable flexibility in fashioning their plans, with the only restriction on their creativity being that the plan provisions (1) must meet the requirements of the Code, and (2) must not be <u>directly prohibited</u> by the Code.

The Code sets forth maximum plan durations, but no minimum durations in the absence of a section 1325(b) objection. Applying the same pattern of statutory construction and the *Sisk* mandate, the Code sets forth formulae for precisely testing the minimum dividend that must be paid on unsecured claims under section 1325(a)(4) and under section 1325(b) if a section 1325(b) objection is filed.

No reading of the Code prohibits any debtor from providing exactly that calculated amount - and no more - to be the debtor's total dividend on unsecured claims. There is no precedential case law that holds otherwise, and there is no logical or legal basis for denying confirmation of plans that do that. Therefore, the proposed nonstandard provision providing for a fixed dividend to unsecured creditors should be approved.

Dated: December 28, 2022     /s/ Jason Vogelpohl #252407
                             JASON VOGELPOHL, ESQ.
                             Attorney for Debtor(s)